**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name  Grizzle, Eliot Scott
     (Last)        (First)        (Initial)

Prisoner Number  H-10106

Institutional Address  Pelican Bay State Prison, P.O. Box 7500, Crescent City, California 95531

===========================================================================

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

Eliot Scott Grizzle
_____
(Enter the full name of plaintiff in this action.)

vs.

Robert Horel, Warden
_____
_____
_____
_____
(Enter the full name of respondent(s) or jailor in this action)

Case No. C 07 4845
(To be provided by the clerk of court)

**PETITION FOR A WRIT OF HABEAS CORPUS**

(PR)

===========================================================================

Read Comments Carefully Before Filling In

<u>When and Where to File</u>

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1  Who to Name as Respondent

2  You must name the person in whose actual custody you are. This usually means the Warden or
3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which
4  you are imprisoned or by whom you were convicted and sentenced. These are not proper
5  respondents.

6  If you are not presently in custody pursuant to the state judgment against which you seek relief
7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose
8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack
9  was entered.

10 A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11  1. What sentence are you challenging in this petition?

12  (a)  Name and location of court that imposed sentence (for example; Alameda
13      County Superior Court, Oakland):
14  Del Norte County Superior Court          Crescent City, California
15          Court                                 Location
16  (b)  Case number, if known  No. 97-268-X
17  (c)  Date and terms of sentence  June 1999, 37 years to life
18  (d)  Are you now in custody serving this term? (Custody means being in jail, on
19      parole or probation, etc.)    Yes ✓    No ____
20  Where?
21  Name of Institution: Pelican Bay State Prison
22  Address: P.O. Box 7500, Crescent City, California 95531

23  2. For what crime were you given this sentence? (If your petition challenges a sentence for
24 more than one crime, list each crime separately using Penal Code numbers if known. If you are
25 challenging more than one sentence, you should file a different petition for each sentence.)
26 Murder (California Pena Code Section 187) and Conspiracy to Commit Murder (California Penal Code
27 Section 182).

28

PET. FOR WRIT OF HAB. CORPUS          - 2 -

3. Did you have any of the following?

    Arraignment:                              Yes ✓    No ___

    Preliminary Hearing:                Yes ✓    No ___

    Motion to Suppress:                Yes ___    No ✓

4. How did you plead?

    Guilty ___    Not Guilty ✓    Nolo Contendere ___

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury ✓    Judge alone ___    Judge alone on a transcript ___

6. Did you testify at your trial?    Yes ___    No ✓

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment    Yes ✓    No ___

    (b)    Preliminary hearing    Yes ✓    No ___

    (c)    Time of plea    Yes ✓    No ___

    (d)    Trial    Yes ✓    No ___

    (e)    Sentencing    Yes ✓    No ___

    (f)    Appeal    Yes ✓    No ___

    (g)    Other post-conviction proceeding    Yes ✓    No ___

8. Did you appeal your conviction?    Yes ✓    No ___

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal    Yes ✓    No ___

        Year: 2001    Result: Affirmed

        Supreme Court of California    Yes ✓    No ___

        Year: 2001    Result: Denied

        Any other court    Yes ___    No ___

        Year: _____    Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS    - 3 -

|   |   | petition? | Yes ✓ | No ___ |
|---|---|---|---|---|
|   | (c) | Was there an opinion? | Yes ✓ | No ___ |
|   | (d) | Did you seek permission to file a late appeal under Rule 31(a)? |   |   |
|   |   |   | Yes ___ | No ✓ |

If you did, give the name of the court and the result:

_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?   Yes ✓   No ___

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court: **Del Norte County Superior Court**

Type of Proceeding: **Habeas corpus**

Grounds raised (Be brief but specific):

a. **Use of perjured testimony**

b. **Ineffective assistance of counsel**

c. _____

d. _____

Result: **Denied**   Date of Result: **6/18/07**

II. Name of Court: **California Court of Appeal, First Appellate District**

Type of Proceeding: **Habeas corpus**

Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS         - 4 -

a. Use of perjured testimony
b. Ineffective assistance of counsel
c. ___
d. ___
Result: Denied    Date of Result: 9/6/07

III. Name of Court: Supreme Court of California
Type of Proceeding: Petition for review to exhaust state remedies
Grounds raised (Be brief but specific):
a. Use of perjured testimony
b. Ineffective assistance of counsel
c. ___
d. ___
Result: Pending    Date of Result: ___

IV. Name of Court: ___
Type of Proceeding: ___
Grounds raised (Be brief but specific):
a. ___
b. ___
c. ___
d. ___
Result: ___    Date of Result: ___

(b) Is any petition, appeal or other post-conviction proceeding now pending in any court?
    Yes ✓    No ___
Name and location of court: Supreme Court of California

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS    - 5 -

1  need more space. Answer the same questions for each claim.
2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent
3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,
4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]
5      Claim One: See attached
6      _____
7      Supporting Facts: See attached
8      _____
9      _____
10     _____
11     Claim Two: See attached
12     _____
13     Supporting Facts: See attached
14     _____
15     _____
16     _____
17     Claim Three: See attached
18     _____
19     Supporting Facts: See attached
20     _____
21     _____
22     _____
23     If any of these grounds was not previously presented to any other court, state briefly which
24  grounds were not presented and why:
25     All grounds were previously presented.
26     _____
27     _____
28     _____

PET. FOR WRIT OF HAB. CORPUS        - 6 -

1     List, by name and citation only, any cases that you think are close factually to yours so that they
2 are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3 of these cases:
4 See attached.

7 Do you have an attorney for this petition?     Yes ✓    No____
8 If you do, give the name and address of your attorney:
9 Benjamin L. Coleman, 433 G Street, Suite 202, San Diego, California 92101

10     WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11 this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

13 Executed on  September 18, 2007
14           Date                        Signature of Petitioner

*Benjamin L. Coleman*
*Attorney for Petitioner*

20 (Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS     - 7 -

1  Claim One: The prosecution knowingly, or at least recklessly and negligently, presented perjured testimony and failed to conduct investigation to ensure that it was not presenting perjured testimony in violation of the
2  Fifth, Sixth, and Fourteenth Amendments.

3  Supporting Facts: The facts supporting this claim are somewhat involved, but, in brief, the prosecution secured convictions through the use of perjured testimony. The prosecution used two inmate witnesses,
4  Frederick Clark and Brian Healy, who both claimed to have committed perjury in the past. Unfortunately for Mr. Grizzle, such perjury was not simply a thing of the past and instead infected the fairness of his trial.
5  The transcripts of the trial definitively establish that, at the very least, one of the two convicts committed perjury about their relationship. In actuality, it is evident that both convict witnesses committed perjury.
6  What is worse, the prosecution knew of this perjury, or, at the very least, was reckless and negligent in its eagerness to secure convictions based on this perjured testimony. Indeed, despite the fact that the
7  prosecution was put on notice before trial that it would likely be using perjured testimony, it failed to conduct an investigation and instead remained willfully ignorant of the facts. Even after the trial testimony
8  of Clark and Healy definitively established that at least one of them was committing perjury, the prosecution still refused to inform the trial court of the perjury or to conduct an investigation. To the contrary, the
9  prosecution heavily relied on the perjury throughout the trial, especially during closing arguments. After the trial, facts known to the prosecution have definitively revealed that Clark is a pathological perjurer and
10 that his testimony and the arguments made by the prosecutor based on his testimony were false. Yet, the prosecution continues to fail to inform the court or investigate its use of the perjury. Finally, the improper
11 use of this perjured testimony was prejudicial to Mr. Grizzle in this less than overwhelming case. Actually, the prosecutor admitted under oath that Clark's testimony was central to securing Mr. Grizzle's convictions:
12 "the large difference in the case was Clark's testimony."

13 Cases: *Napue v. Illinois*, 360 U.S. 264 (1959); *Mooney v. Holohan*, 294 U.S. 103 (1935); *Morris v. Ylst*, 447 F.3d 735 (9th Cir. 2006); *Hayes v. Brown*, 399 F.3d 972 (9th Cir. 2005) (en banc); *Killian v. Poole*, 282
14 F.3d 1204 (9th Cir. 2002); *Northern Mariana Islands v. Bowie*, 243 F.3d 1109 (9th Cir. 2001).

15

16 Claim Two: Mr. Grizzle's Fifth, Sixth, and Fourteenth Amendment rights were violated because his trial lawyer, Russell Clanton, rendered ineffective assistance of counsel by failing to prepare and failing to
17 investigate the perjury of Clark and Healy, and therefore Clanton never brought it to the attention of the jury or the trial court.

18 Supporting Facts: The superior court agreed that Clanton rendered deficient performance when he failed to review discovery material produced to him, specifically a videotape of an interview of Clark. The perjury
19 of Clark and Healy would have been crystal clear to Clanton had he reviewed the videotape of Clark's interview. Clanton's incompetent failure to watch the videotape was prejudicial. Clanton clearly should
20 have recognized the perjury committed by Clark and Healy from their trial testimony and was incompetent in failing to do so. However, even if he had missed the obvious perjury during the trial, he certainly would
21 have recognized it had he watched the videotape. He could have then brought the perjury to the attention of the court and the jury during the trial. Instead, the perjury was completely overlooked and never argued
22 to the court or the jury. Moreover, Clanton's failure to watch the videotape was prejudicial as he never conducted any investigation to undermine Clark's allegations. Also, had Clanton viewed the videotape, he
23 would not have been caught off guard by Clark's testimony.

24 Cases: *Strickland v. Washington*, 466 U.S. 668 (1984); *Williams v. Washington*, 59 F.3d 673 (7th Cir. 1995).

25

26

27

28

Claim Three: The prosecution violated Mr. Grizzle's rights under the Fifth, Sixth, and Fourteenth Amendments when it failed to turn over exculpatory evidence, a prison log, which undermined the testimony of Healy, one of the prosecution's cooperating inmate witnesses.

Supporting Facts: As mentioned above, Healy was a cooperating witness for the prosecution who had committed perjury in the past (and in Mr. Grizzle's trial). One of the central aspects of Healy's testimony was that he had an encounter with Mr. Grizzle in prison in which Mr. Grizzle allegedly incriminated himself in the murder for which he was convicted. A prison log, however, contradicted Healy's claim that he had this encounter with Mr. Grizzle, and the prosecution did not turn over the log until after the trial. The state court of appeal appeared to recognize that this was exculpatory evidence which should have been turned over but determined that the failure to produce the log in a timely manner did not result in prejudice. The state court of appeal's prejudice finding, which did not cite any authority, was plainly erroneous, as the failure to produce this exculpatory, impeaching evidence as to a critical witness was prejudicial in this less than overwhelming case.

Cases: *Kyles v. Whitley*, 514 U.S. 419 (1995); *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963); *Hayes v. Brown*, 399 F.3d 972 (9th Cir. 2005) (*en banc*); *Benn v. Lambert*, 283 F.3d 1040 (9th Cir. 2002); *Carriger v. Stewart*, 132 F.3d 463 (9th Cir. 1997) (*en banc*); *United States v. Steinberg*, 99 F.3d 1486 (9th Cir. 1996); *United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. 1993); *United States v. Bernal-Obeso*, 989 F.2d 331 (9th Cir. 1993).

Claim Four: Mr. Grizzle's rights under the Fifth, Sixth, and Fourteenth Amendments were violated when he was tried in shackles and conditions of extraordinary security.

Supporting Facts: Even though Mr. Grizzle engaged in no disruptive behavior in court, he was placed in restraints for his jury trial. He was chained at the waist and ankles to a heavy security chair. His left hand was also linked by handcuffs to the waist chain. Only his right hand was free to write. Mr. Grizzle's codefendant, who was the actual killer, was tried separately. The codefendant was tried first and, unlike Mr. Grizzle, was only chained at his ankles and had both hands free. The codefendant did not engage in disruptive behavior during his trial and was acquitted of conspiracy to commit murder. The subsequent imposition of restraints for Mr. Grizzle was not justified and was certainly not the least restrictive alternative given the less onerous conditions imposed on Mr. Grizzle's more dangerous codefendant. Mr. Grizzle's constitutional rights were violated by the shackling thereby requiring his convictions to be vacated.

Cases: *Deck v. Missouri*, 544 U.S. 622 (2005); *Illinois v. Allen*, 397 U.S. 337 (1970); *Duckett v. Godinez*, 67 F.3d 734 (9th Cir. 1995); *Spain v. Rushen*, 883 F.2d 712 (9th Cir. 1989).

Claim Five: Mr. Grizzle's rights under the Fifth, Sixth, and Fourteenth Amendments were violated when the trial court failed to declare a mistrial due to the taint of the jury.

Supporting Facts: At the end of the second day of the trial, juror number 5 reported a contact concerning the trial. The juror worked at Pelican Bay State Prison, where Mr. Grizzle was incarcerated and where the alleged murder took place. The juror reported that an inmate told him: "Well, I hear you are Juror No. 5." The inmate stated that "word gets around." The juror initially stated that he could remain on the jury, but the next day reported that he should be removed. The juror had also discussed the incident with all of the other jurors. Some of the jurors stated that juror number 5 felt "uneasy" and that they were concerned for his "safety" and that he may be "in danger." Nevertheless, the trial court failed to declare a mistrial in violation of Mr. Grizzle's Fifth, Sixth, and Fourteenth Amendment rights.

Cases: *Parker v. Gladden*, 385 U.S. 363 (1966); *Turner v. Louisiana*, 379 U.S. 466 (1965); *Remmer v. United States*, 350 U.S. 377 (1956); *Mattox v. United States*; 146 U.S. 140 (1892); *Caliendo v. Warden of California Men's Colony*, 365 F.3d 691 (9th Cir. 2004).

1  Claim Six: Mr. Grizzle received ineffective assistance of counsel in violation of his Fifth, Sixth, and Fourteenth Amendment rights when his trial counsel failed to renew a motion for mistrial based on the jury taint and failed to object to a variety of improperly prejudicial evidence and prosecutorial misconduct, particularly during the prosecutor's opening and closing arguments.

Supporting Facts: Trial counsel moved for a mistrial based on the jury taint described above but did not renew a motion for a mistrial. To the extent that the motion needed to be renewed, the failure to do so constituted deficient performance. Trial counsel also engaged in deficient performance by failing to object to a variety of improperly prejudicial evidence and prosecutorial misconduct. During the prosecutor's arguments, he emphasized that the Aryan Brotherhood, a prison gang which Mr. Grizzle was allegedly associated with, was racist and "Nazi-like." The prosecutor commented on a variety of other supposed Aryan Brotherhood cases and conduct that had nothing to do with the instant case and urged the jury to convict in order to resolve the societal problem of prison gangs and the Aryan Brotherhood in particular. He introduced evidence and made comments on generalized threats to the witnesses that were not attributed to Mr. Grizzle. The prosecutor also improperly vouched for his witnesses, arguing that they were like a variety of biblical figures. Yet, Mr. Grizzle's trial attorney did not lodge sufficient objections to most of this misconduct and improperly prejudicial evidence. Moreover, Mr. Grizzle was prejudiced by his counsel's deficient performance.

Cases: *Payne v. Tennessee*, 501 U.S. 808 (1991); *Estelle v. McGuire*, 502 U.S. 62 (1991); *United States v. Young*, 470 U.S. 1 (1985); *Strickland v. Washington*, 466 U.S. 668 (1984); *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974); *United States v. Weatherspoon*, 410 F.3d 1142 (9th Cir. 2005); *United States v. Williams*, 989 F.2d 1061 (9th Cir. 1993); *United States v. Simtob*, 901 F.2d 799 (9th Cir. 1990); *Dudley v. Duckworth*, 854 F.2d 967 (7th Cir. 1988).

**PROOF OF SERVICE**

I, the undersigned, say:

1) That I am over eighteen years of age, a resident of the County of San Diego, State of California, and not a party in the within action;

2) That my business address is 433 G Street, Suite 202, San Diego, California, 92101;

3) That on September 19, 2007, I filed the attached Petition by sending via federal express an Original and three copies thereof to Clerk of the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, California 94102.

4) That on September 19, 2007, I served a copy of the Petition on counsel for respondent via U.S. Mail by sending a copy to Michael Riese, District Attorney's Office, 450 H Street, Crescent City, CA 95531.

5) That on September 19, 2007, I served a copy of the Petition on Eliot Scott Grizzle via U.S. Mail by sending a copy to Eliot Scott Grizzle, H-10106, Pelican Bay State Prison, P.O. Box 7500, Crescent City, CA 95532.

6) That on September 19, 2007, I served a copy of the Petition via U.S. Mail by sending a copy to William Barlow, Litigation Department, Pelican Bay State Prison, P.O. Box 7500, Crescent City, CA 95532.

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 19, 2007, at San Diego, California.

BENJAMIN L. COLEMAN