```
 1 | COLEMAN & BALOGH LLP
   | BENJAMIN L. COLEMAN
 2 | California State Bar No. 187609
   | 433 G Street, Suite 202
 3 | San Diego, California 92101
   | Telephone No. (619) 652-9960
 4 | Facsimile No. (619) 652-9964
 5 | COLEMAN & BALOGH LLP
   | ETHAN A. BALOGH
 6 | California State Bar No. 172224
   | 255 Kansas Street, Suite 340
 7 | San Francisco, California 94103
   | Telephone No. (415) 565-9600
 8 | Facsimile No. (415) 565-9601
 9 | Attorneys for Petitioner Eliot Scott Grizzle
```

FILED
07 SEP 20 PM 1:11
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELIOT SCOTT GRIZZLE,

    Petitioner,

v.

ROBERT HOREL, Warden,

    Respondent.

Case No. C 07 4845 SI

**NOTICE OF MOTIONS AND MOTIONS TO:**

(1) **STAY AND ABEY; and**
(2) **APPOINT COUNSEL**

(PR)

PLEASE TAKE NOTICE that petitioner, Eliot Scott Grizzle, will ask the Court to enter an order granting the motions listed below.

# MOTIONS

Petitioner, Eliot Scott Grizzle, pursuant to the United States Constitution, and all other applicable statutes, case law and rules, hereby moves the Court for an order:

(1) granting a stay and abeyance; and

(2) appointing counsel.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to the Court's attention at the time of the hearing on these motions.

Respectfully submitted,

Dated: September 19, 2007

COLEMAN & BALOGH LLP
BENJAMIN L. COLEMAN
ETHAN A. BALOGH

Attorneys for Mr. Grizzle

COLEMAN & BALOGH LLP
BENJAMIN L. COLEMAN
California State Bar No. 187609
433 G Street, Suite 202
San Diego, California 92101
Telephone No. (619) 652-9960
Facsimile No. (619) 652-9964

COLEMAN & BALOGH LLP
ETHAN A. BALOGH
California State Bar No. 172224
255 Kansas Street, Suite 340
San Francisco, California 94103
Telephone No. (415) 565-9600
Facsimile No. (415) 565-9601

Attorneys for Petitioner Eliot Scott Grizzle

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIOT SCOTT GRIZZLE,<br><br>    Petitioner,<br><br>v.<br><br>ROBERT HOREL, Warden,<br><br>    Respondent. | Case No.<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTIONS** |

## PRELIMINARY STATEMENT

Petitioner, Eliot Scott Grizzle, respectfully submits the following Statement of Facts and Memorandum of Points and Authorities in Support of his Motions to: (1) grant a stay and abeyance; and (2) appoint counsel.

## STATEMENT OF FACTS

On December 24, 1997, Mr. Grizzle was charged in Del Norte County Superior Court in a two-count information with: (1) the murder of Aaron Marsh; and (2) conspiracy to commit the murder of Marsh. At the time of the alleged murder, Mr. Grizzle was incarcerated at Pelican Bay State Prison. Mr. Grizzle, who is indigent, was represented by appointed counsel. Mr. Grizzle's trial took place in February of 1999. A jury returned guilty verdicts against Mr. Grizzle as to both the conspiracy and substantive counts on February 19, 1999. In June 1999, Mr. Grizzle was sentenced to 37 years to life in prison.

1    Mr. Grizzle appealed to the Court of Appeal, First Appellate District, with the assistance of
2 appointed counsel. The court of appeal affirmed in a 50-page, unpublished opinion issued on March 2, 2001
3 and denied Mr. Grizzle's petition for rehearing on April 2, 2001. The Supreme Court of California then
4 denied Mr. Grizzle's petition for review on June 13, 2001. Throughout the pendency of the appellate
5 proceedings, Mr. Grizzle remained incarcerated at Pelican Bay.

6    On September 11, 2002, a San Francisco attorney named Mark R. Vermeulen, who was
7 retained by Mr. Grizzle's family, filed a petition for a writ of habeas corpus in Del Norte County Superior
8 Court. While the state habeas corpus proceedings were commencing, the United States Attorney's Office for
9 the Central District of California filed a wide-ranging racketeering indictment against Mr. Grizzle and dozens
10 of other defendants. For the most part, the allegations against Mr. Grizzle contained in the federal indictment
11 consisted of the Marsh homicide. Mr. Grizzle was taken into federal custody and moved from Pelican Bay.
12 In addition, Mr. Grizzle's legal materials were seized by federal authorities. The federal prosecutors also
13 announced that they were considering seeking the death penalty against Mr. Grizzle. Undersigned counsel,
14 Benjamin L. Coleman, was appointed to represent Mr. Grizzle in the federal racketeering case. After more
15 three years of pretrial proceedings, federal prosecutors dismissed the charges against Mr. Grizzle, and he was
16 transported back to Pelican Bay.

17    Meanwhile, the superior court had been continuing the state habeas corpus proceedings while
18 the federal case was pending. At the conclusion of the federal case, Mr. Coleman began representing Mr.
19 Grizzle in the state habeas corpus proceedings. Mr. Coleman performed the representation on a pro bono
20 basis because Mr. Grizzle is indigent, having been incarcerated for virtually his entire adult life, and his family
21 did not have the resources to pay Mr. Vermeulen to continue with his representation.

22    On June 18, 2007, after multiple rounds of briefing, the superior court issued a 13-page order
23 denying Mr. Grizzle's petition for a writ of habeas corpus. On September 6, 2007, the California Court of
24 Appeal, First Appellate District, summarily denied Mr. Grizzle's petition for a writ of habeas corpus. On
25 September 13, 2007, Mr. Grizzle filed a petition for review with the Supreme Court of California in order to
26 exhaust the claims made in his habeas corpus petition. That petition remains pending.

27
28

**ARGUMENT**

**I.**

**THE COURT SHOULD GRANT A STAY AND ABEYANCE.**

Mr. Grizzle's petition for review with the Supreme Court of California on direct appeal was denied on June 13, 2001. Under the time limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Mr. Grizzle had to file a habeas corpus petition with a year and 90 days, or on or about September 11, 2002. *See* 28 U.S.C. § 2244(d)(1); *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005). Mr. Grizzle's original habeas corpus attorney, Mr. Vermeulen, filed a petition in state court on September 11, 2002, on or about the last day for filing. The AEDPA time clock has been tolled since that time, while the state habeas corpus proceedings have been pending. *See* 28 U.S.C. § 2244(d)(2).

Given that Mr. Vermuelen filed the petition at or near the end of the AEDPA time clock, Mr. Grizzle has filed the instant petition before the Supreme Court of California issues its final decision on his petition for review with respect to his habeas corpus proceedings. Mr. Grizzle has done so out of an abundance of caution, in case there is a delay between the time that the California Supreme Court denies his petition for review and the time that he learns of the denial. As a result, of the six claims raised in the instant petition, the first two claims have not been fully exhausted, as they remain before the Supreme Court of California.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a federal district court has discretion to grant a stay and abeyance when presented with a "mixed" habeas corpus petition to allow a petitioner to exhaust his unexhausted claims in state court. The Supreme Court explained that a stay and abeyance is appropriate if the petitioner has "good cause" for failing to exhaust his claims. *Id.* at 277. The Supreme Court noted that a stay and abeyance should not be granted if the petitioner "engages in abusive litigation tactics or intentional delay." *Id.* at 278. Four justices (Stevens, Souter, Ginsburg, and Breyer) issued concurring opinions, essentially stating that the "good cause" requirement should not be treated stringently and that it would be better to simply bar stay and abeyance when it is clear that the petitioner is engaging in abusive litigation tactics. *See Rhines*, 544 U.S. at 279 (concurrences of Stevens, J., and Souter, J.); *see also Jackson v. Roe*, 425 F.3d 654, 658-61 (9th Cir. 2005).

1    In this case, it is clear that Mr. Grizzle is not engaging in abusive litigation tactics. He is simply taking the precaution of pre-filing the instant habeas corpus petition so he is not foreclosed from proceeding based on the AEDPA time clock. It is likely that the Supreme Court of California will deny his petition for review within the next few weeks, and therefore the stay will be quite short. In sum, the Court should grant Mr. Grizzle's request for a brief stay and abeyance while his state habeas corpus petition is finally decided by the Supreme Court of California.

## II.

### THE COURT SHOULD APPOINT UNDERSIGNED COUNSEL.

The Court has the authority to appoint counsel to represent a petitioner who has filed for habeas corpus relief under 28 U.S.C. § 2254. *See* 18 U.S.C. § 3006A(a)(2)(B). Undersigned counsel submits that the instant petition presents significant issues (which will be more fully articulated in a subsequent memorandum of law) and involves a significant sentence (37 years to life) imposed on Mr. Grizzle. Accordingly, it is an appropriate case for appointment of counsel.

Mr. Grizzle also requests that the Court appoint undersigned counsel, Benjamin L. Coleman and Ethan A. Balogh, to represent him. As indicated above, Mr. Coleman was appointed as CJA counsel to represent Mr. Grizzle in the Central District of California and has also been representing Mr. Grizzle on a pro bono basis in state habeas corpus proceedings. As a result, Mr. Coleman is already familiar with the state court record and the issues raised in this petition. Although Mr. Coleman's office is in San Diego, California, he is admitted to practice in the Northern District of California. Furthermore, Mr. Coleman and Mr. Balogh are law partners in Coleman & Balogh LLP. The firm maintains offices in San Francisco, where Mr. Balogh resides. Mr. Balogh serves on the trial and appellate panels for CJA appointments in the Northern District of California. Accordingly, Mr. Coleman and Mr. Balogh can work efficiently to represent Mr. Grizzle in this matter.

## CONCLUSION

For the foregoing reasons, Mr. Grizzle respectfully requests that the Court grant the above motions.

Respectfully submitted,

Dated: September 19, 2007

COLEMAN & BALOGH LLP
BENJAMIN L. COLEMAN
ETHAN A. BALOGH

Attorneys for Mr. Grizzle

**PROOF OF SERVICE**

I, the undersigned, say:

1) That I am over eighteen years of age, a resident of the County of San Diego, State of California, and not a party in the within action;

2) That my business address is 433 G Street, Suite 202, San Diego, California, 92101;

3) That on September 19, 2007, I filed the attached Motions by sending via federal express an Original and three copies thereof to Clerk of the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, California 94102.

4) That on September 19, 2007, I served a copy of the Motion on counsel for respondent via U.S. Mail by sending a copy to Michael Riese, District Attorney's Office, 450 H Street, Crescent City, CA 95531.

5) That on September 19, 2007, I served a copy of the Motions on Eliot Scott Grizzle via U.S. Mail by sending a copy to Eliot Scott Grizzle, H-10106, Pelican Bay State Prison, P.O. Box 7500, Crescent City, CA 95532.

6) That on September 19, 2007, I served a copy of the Motions via U.S. Mail by sending a copy to William Barlow, Litigation Department, Pelican Bay State Prison, P.O. Box 7500, Crescent City, CA 95532.

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 19, 2007, at San Diego, California.

BENJAMIN L. COLEMAN