IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELIOT SCOTT GRIZZLE,

    Petitioner,

v.

ROBERT HOREL,

    Respondent.

No. C 07-4845 SI

**ORDER GRANTING PETITIONER'S MOTION TO STAY AND ABEY; GRANTING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**

### I. Motion for stay and abeyance

Petitioner has filed a motion to stay and abey this petition to allow him to exhaust certain claims in state court. Petitioner states that his original habeas corpus attorney filed a petition in state court on September 11, 2002, on or about the last day for filing such a petition. The AEDPA time clock has been tolled since that time while the state habeas corpus proceedings have been pending. *See* 28 U.S.C. § 244(d)(2). Petitioner states that his state court petition is currently pending before the California Supreme Court, and that he filed the instant petition "out of an abundance of caution, in case there is a delay between the time the California Supreme Court denies his petition for review and the time he learns of the denial." Motion at 3. The Court finds that petitioner has satisfied the requirements set forth in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), for a stay of this habeas action.

Accordingly, this action is STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until petitioner exhausts the unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the Court's stay and proceed with consideration of his habeas petition. Petitioner must promptly return to federal court

after his state court proceedings have concluded. If petitioner does not return within thirty days of exhausting the unexhausted claims, dismissal is possible. *See Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir.), *cert. denied*, 538 U.S. 1042 (2003).

## II.  Motion for appointment of counsel

Petitioner has filed a motion for appointment of counsel to represent him in this action. The motion was filed by Benjamin Coleman, Esq., who is representing petitioner in the state habeas corpus proceedings. Mr. Coleman states that petitioner is indigent, has been incarcerated for virtually his entire adult life, and that petitioner's family does not have the resources to retain counsel for petitioner. Motion at 2.

A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987).

The Court finds that petitioner's claims raise complex legal issues, and, based upon Mr. Coleman's sworn representations, that petitioner is unable to financially retain counsel. Accordingly, the Court GRANTS petitioner's motion for appointment of counsel, and APPOINTS Benjamin L. Coleman and Ethan A. Balogh as petitioner's counsel. (Docket No. 2).

**IT IS SO ORDERED.**

Dated:  October 18, 2007

_____
SUSAN ILLSTON
United States District Judge