```
 1  COLEMAN & BALOGH LLP
    BENJAMIN L. COLEMAN
 2  California State Bar No. 187609
    1350 Columbia Street, Suite 600
 3  San Diego, California 92101
    Telephone No. (619) 794-0420
 4  Facsimile No. (619) 652-9964

 5  COLEMAN & BALOGH LLP
    ETHAN A. BALOGH
 6  California State Bar No. 172224
    255 Kansas Street, Suite 340
 7  San Francisco, California 94103
    Telephone No. (415) 565-9600
 8  Facsimile No. (415) 565-9601

 9  Attorneys for Petitioner Eliot Scott Grizzle
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ELIOT SCOTT GRIZZLE, | ) | Case No. C 07-4845 SI |
|---|---|---|
| Petitioner, | ) | **EXHIBITS A-O TO STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | ) | |
| ROBERT HOREL, | ) | |
| Respondent. | ) | **VOLUME 1** |

| | | |
|---|---|---|
| Exhibit A: | Information in Underlying Case | |
| Exhibit B: | Trial testimony of Clark in *People v. Gary Joe Littrell* | |
| Exhibit C: | Pretrial proceedings held on February 4, 1999 | |
| Exhibit D: | Pretrial proceedings held on February 5, 1999 | |
| Exhibit E: | Trial testimony of Clark | |

**FILED**

DEC 24 1997

JOHN D. ALEXANDER
DEL NORTE CLERK-RECORDER
BY: _____ DEPUTY

SUPERIOR COURT, COUNTY OF DEL NORTE
STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA ) | ARRAIGNMENT DATE: |
| ) Plaintiff, ) | January 8, 1998 |
| vs. ) | |
| ) | No. 97-268-X and |
| ELLIOTT S. GRIZZLE (H-10106) and ) | 97-269-X |
| GARY J. LITTRELL (C-45888) ) | |
| ) Defendant(s) ) | INFORMATION |

DA# 1054F97

The District Attorney of the County of Del Norte, State of California, hereby charges ELLIOTT GRIZZLE and GARY LITTRELL with having committed, in the County of Del Norte, the crime of:

**COUNT 1.**
**MURDER, in violation of section 187 of the Penal Code, a felony.**
   On or about July 25, 1997, the Defendants **Elliott Grizzle** and **Gary Littrell** did willfully, unlawfully, and with malice aforethought murder Aaron Marsh, a human being.

IT IS FURTHER ALLEGED that this offense is a serious felony within the meaning of Penal Code section 1192.7(c)(1).

**COUNT 2.**
**CONSPIRACY TO COMMIT MURDER, in violation of section 182 of the Penal Code, a felony.**
   On or about July 25, 1997, Defendants **Elliott Grizzle** and **Gary Littrell** did willfully and unlawfully conspire together or with another person to commit the crime of murder, in violation of section 187 of the Penal Code, a felony; that pursuant to and for the purpose of carrying out the objects and purposes of the aforesaid conspiracy, the said defendants committed the following overt acts at and in the County of Del Norte:

**OVERT ACT 1**
Defendant **Grizzle** dissolved prescription drugs in inmate manufactured alcohol to make victim Marsh drunk, vulnerable and unable to defend himself.

**OVERT ACT 2**
Defendant **Grizzle** caused inmate Contreras to deliver the drug ladened alcohol to victim Marsh in a bag covered by a manila folder.

**OVERT ACT 3**
Defendant **Littrell** got victim Marsh drunk and physically disabled with the drugs and alcohol.

**OVERT ACT 4**
Defendant **Littrell** strangled victim Marsh with a garrote rope while Marsh was too drunk from drugs and alcohol to defend himself.

**ALLEGATION OF USE OF WEAPON, in violation of Penal Code section 12022(b).**
In the commission of Counts 1 and 2, Defendant **Gary Littrell** personally used a deadly or dangerous weapon, to wit, a garrote, said use not being an element of Counts 1 and 2 within the meaning of Penal Code section 12022(b).

**ALLEGATION OF PRIOR FELONY, in violation of Penal Code section 667.5(b).**
It is further alleged that Defendant **Elliott Grizzle** was on and about the 15th day of November, 1990, in the Superior Court of the State of California, for the County of San Luis Obispo, convicted of the crime of Burglary, a felony, in violation of section 459 of the Penal Code, case number 16596, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code section 667.5(b).

**ALLEGATION OF PRIOR FELONY, in violation of Penal Code section 667.5(b).**
It is further alleged that Defendant **Elliott Grizzle** was on and about the 21st day of August, 1991, in the Superior Court of the State of California, for the County of San Luis Obispo, convicted of the crime of Possession of Firearm by a Felon, a felony, in violation of section 12021 of the Penal Code, case number 16328, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code section 667.5(b).

**ALLEGATION OF SERIOUS PRIOR FELONY, in violation of Penal Code sections 667(a), 1192.7, 667(b) through (i) and 1170.12.**

It is further alleged that Defendant **Elliott Grizzle** was on or about the 21st day of August, 1991, in the Superior Court of California, for the County of San Luis Obispo, convicted of a serious felony, to wit, negligent discharge of a firearm, in violation of Penal Code section 246.3, case number 16891, within the meaning of Penal Code sections 667(a), 1192.7, 1170.12 and 667(b) through (i) inclusive.

**ALLEGATION OF SERIOUS PRIOR FELONY, in violation of Penal Code sections 667(a), 1192.7, 667(b) through (i) and 1170.12.**

It is further alleged that Defendant **Elliott Grizzle** was on or about the 8th day of February, 1994, in the Superior Court of California, for the County of Del Norte, convicted of a serious felony, to wit, assault on an inmate with a deadly weapon, in violation of Penal Code section 4501, case number 94-037-X, within the meaning of Penal Code sections 667(a), 1192.7, 1170.12 and 667(b) through (i) inclusive.

**ALLEGATION OF PRIOR FELONY, in violation of Penal Code section 667.5(b).**

It is further alleged that Defendant **Gary Littrell** was on and about the 22nd day of July, 1996, in the Superior Court of the State of California, for the County of Kern, convicted of the crime of Possession of Methamphetamine, a felony, in violation of section 11377(a) of the Health and Safety Code, case number SC066590A, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code section 667.5(b).

**ALLEGATION OF PRIOR FELONY, in violation of Penal Code section 667.5(b).**

It is further alleged that Defendant **Gary Littrell** was on and about the 13th day of January, 1993, in the Superior Court of the State of California, for the County of Kern, convicted of the crime of Possession of Controlled Substance With a Gun, a felony, in violation of section 11370.1(a) of the Health and Safety Code, case number 52771-A, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code section 667.5(b).

**ALLEGATION OF PRIOR FELONY, in violation of Penal Code section 667.5(b).**

It is further alleged that Defendant **Gary Littrell** was on and about the 27th day of May, 1988, in the Superior Court of the State of California, for the County of Kern, convicted of the crime of Robbery, a felony, in violation of section 211 of the Penal Code, case number 35845, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code section 667.5(b).

**ALLEGATION OF PRIOR FELONY, in violation of Penal Code section 667.5(b).**

It is further alleged that Defendant **Gary Littrell** was on and about the 14th day of August, 1986, in the Superior Court of the State of California, for the County of Kern, convicted of the crime of Vehicle Theft, a felony, in violation of section 10851 of the Vehicle Code, case number 32096, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code section 667.5(b).

**ALLEGATION OF PRIOR FELONY, in violation of Penal Code section 667.5(b).**

It is further alleged that Defendant **Gary Littrell** was on and about the 5th day of May, 1982, in the Superior Court of the State of California, for the County of Kern, convicted of the crime of Robbery, a felony, in violation of section 211 of the Penal Code, case number 23352, and that he then served a prison term for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term within the meaning of Penal Code section 667.5(b).

**ALLEGATION OF SERIOUS PRIOR FELONY, in violation of Penal Code sections 667(a), 1192.7, 667(b) through (i) and 1170.12.**

It is further alleged that Defendant **Gary Littrell** was on or about the 27th day of May, 1988, in the Superior Court of California, for the County of Kern, convicted of a serious felony, to wit, Robbery, in violation of Penal Code section 211, case number 35845, within the meaning of Penal Code sections 667(a), 1192.7, 1170.12 and 667(b) through (i) inclusive.

**ALLEGATION OF SERIOUS PRIOR FELONY, in violation of Penal Code sections 667(a), 1192.7, 667(b) through (i) and 1170.12.**

It is further alleged that Defendant **Gary Littrell** was on or about the 5th day of May, 1982, in the Superior Court of California, for the County of Kern, convicted of a serious felony, to wit, Robbery, in violation of Penal Code section 211, case number 23352, within the meaning of Penal Code sections 667(a), 1192.7, 1170.12 and 667(b) through (i) inclusive.

I so swear, under penalty of perjury, on December 24, 1997, at Crescent City, California, that the foregoing is true and correct on information and belief.

ROBERT J. DROSSEL
Special Prosecutor