IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF DEL NORTE

THE PEOPLE OF THE STATE OF
CALIFORNIA

Vs.

ELLIOTT SCOTT GRIZZLE

CASE NO: 97-268-X

# COPY

APPEALING FROM THE JUDGMENT OF 6/19/99

BEFORE THE HONORABLE ROBERT W. WEIR, ASSIGNED

"CLERK'S TRANSCRIPT"

APPEARANCES:

| | |
|---|---|
| DEL NORTE COUNTY<br>DISTRICT ATTORNEY<br>450 H STREET<br>CRESCENT CITY, CA. 95531 | RUSSEL CLANTON<br>TRIAL COUNSEL<br>791 - 8 TH STREET, SUITE R<br>ARCATA, CA. 95521 |

COURT REPORTERS:

| | |
|---|---|
| LORRAINE KAYE O'HARA<br>CSR #5637<br>450 H STREET<br>CRESCENT CITY, CA. 95531 | BILL BEARD<br>CSR #10460<br>450 H STREET<br>CRESCENT CITY, CA. 95531 |
| YVONNE COBARRUVIAZ<br>CSR #9981<br>710 LYNCH ROAD<br>CRESCENT CITY, CA. 95531 | WILLIAM ROMERO<br>CSR #1647<br>1849 PARKWAY DRIVE<br>CRESCENT CITY, CA. 95531 |

*VOL III*

State of California                                                                 Department of Corrections

# Memorandum

Date :   January 13, 1999

To   :   Deputy District Attorney James Fallman
         Del Norte County

From :   Office of Internal Affairs, Northern Region, P. O. Box 3009, Sacramento, CA 95812

Subject:   Inmate Perjury

Per our telephone conversation I am providing you with the below information. There is no completed report at this time since other allegations made by the inmate are still under investigation and are confidential personnel matters. Many of the personnel allegations made by Clark have already been proved baseless.

On January 5, 1999 I interviewed Inmate Frederick Clark (E--73520) regarding several issues he had raised about prison gang activity and employee misconduct. As background, Clark had raised similar issues of employee misconduct in 1997 but ultimately refused to take a polygraph and told the examiner he had been untruthful in his prior statement.

In a tape-recorded statement, Clark told me that he had given perjured testimony in an attempt to discredit Brain Healey, during the homicide trial. Clark stated his next door cell-mate, Scott Grizzel, had obtained confidential discovery information from Attorney Paul Gallegos. According to Clark, at Gallegos' request, Grizzel approached Clark to give perjured testimony to discredit Healey. Clark stated he never spoke directly with Gallegos. Clark stated his sister (would not identify) later received some money ($500) as payment for his testimony. Clark assumed the money came from Gallegos, but did not know for sure.

Clark stated he would be willing to talk further about this matter, but only if given immunity for his perjury. Since this allegation by Clark does not specifically involve CDC personnel I am submitting this to you for whatever action your office deems appropriate.

James Rogers
(916)445-5484
OIA-North

Exhibit A

COC 1617 (3/89)

## DECLARATION OF JAMES ROGERS

I, James Rogers, declare as follows:

I am a Special Agent for the Department of Corrections, Office of Internal Affairs (OIA). My specific duties are to investigate criminal and administrative misconduct by employees of the California Department of Corrections. The Office of Internal Affairs does not have the authority or responsibility to investigate matters that do not involve employee or staff misconduct. The Office of Internal Affairs does not investigate street or prison gang activity unless there is an allegation of employee involvement.

All investigative reports completed by OIA are "personnel records" maintained as confidential under the authority of 832.7 California Penal Code.

On January 5, 1999, OIA Special Agent Schumacker and I interviewed Inmate Fredrick Clark at Pelican Bay State Prison. Clark made a formal complaint alleging criminal and administrative misconduct by staff members at Pelican Bay State Prison.

During this interview Clark made statements and provided information that was not directed towards staff misconduct. On January 13, 1999, this information from Clark was forwarded to Del Norte County Deputy District Attorney James Fallman.

I told DDA Fallman this misconduct by Clark did not involve staff and therefore any investigation would have to be conducted by his office and not OIA. I conducted no investigation and therefore prepared no reports, other than the letter to DDA Fallman, dated January 13, 1999, relating to Clark's allegations of non-staff misconduct.

DDA Fallman subpoenaed me for the February 8, 1999 jury trial of Elliot Grizzle. I was available on telephonic stand-by during the entire time of the trial to appear on behalf of either the People or the Defense, however was never called to testify.

On February 17, 1999, I completed my investigation into Clark's allegations of staff misconduct. I submitted my investigation to both the Del Norte County District Attorney and California Attorney General's Office with a request to charge Clark with filing a false citizen complaint against a peace officer. Subsequently, both agencies declined to prosecute Clark.

I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge.

May 13, 1999

James Rogers