EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
GREGORY A. OTT
Deputy Attorney General
State Bar No. 160803
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5964
 Fax: (415) 703-1234
 Email:  gregory.ott@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIOT SCOTT GRIZZLE,**<br><br>Petitioner,<br><br>v.<br><br>**ROBERT HOREL, Warden,**<br><br>Respondent. | C 07-4845 SI (PR)<br><br>**OPPOSITION TO MOTION FOR DISCOVERY**<br><br>**[No Hearing Scheduled]** |

California state prisoner Eliot Scott Grizzle ("Grizzle") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 & 2254. This Court has not ordered respondent to show cause on the petition; respondent has not heretofore entered an appearance. Grizzle has nonetheless moved this Court for an order granting him extensive discovery. The motion is premature and, regardless, fails to establish good cause for the discovery. The motion should be denied.

**ARGUMENT**

Grizzle asks this Court for leave to conduct extensive discovery, including depositions and the production of documents. Stmt. of Facts and Memo. of P&A in Supp. of Pet.'s Motion (hereafter

"Motion") at 2-3.  The request should be rejected.

There is "no federal right, constitutional or otherwise, to discovery in habeas proceedings as a general matter." *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993).  Federal habeas discovery is available "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rules Governing Section 2254 Cases, Rule 6.  Good cause exists where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 909-10 (1997).

Grizzle's discovery request is premature.  This Court has not yet conducted a preliminary review of the petition to determine what, if any, claims are viable and therefore require response by respondent; no order to show cause has issued.  *See* Rules Governing Section 2254 Cases, Rule 4.  The requirement is not simply procedural, as "good cause" for discovery can only lie relative to a viable claim.  *See id.*, Rules 4 & 6; *Bracy v. Gramley*, 520 U.S. at 904, 909-10; *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999); *Matta-Ballesteros v. Henman*, 896 F.2d 255, 259 (7th Cir. 1990).  The procedural legitimacy of the petition and its claims is likewise a prerequisite to evaluating whether good cause exists for discovery.  *See*, *e.g.*, *United States v. Roane*, 378 F.3d 382, 403 (4th Cir. 2004) (discovery properly denied on procedurally defaulted claims); *Calderon v. District Court (Roberts)*, 113 F.3d 149 (9th Cir. 1997) (discovery inappropriate where the petition contains unexhausted claims).  Not having been ordered to show cause on the petition, respondent has not had the opportunity to address the procedural viability of the petition or its claims, including questions of timeliness, exhaustion, and procedural default.

Even assuming, arguendo, Grizzle raises claims substantively and procedurally viable, his request for discovery remains premature.  An evaluation of whether good cause exists for discovery should be made after briefing of the merits by the parties and production of the record, i.e., at least after an answer and traverse.  *Cf.* Rules Governing Section 2254 Cases, Rule 6 Advisory Committee Notes (observing that "requests for discovery in habeas proceedings normally follow the granting of an evidentiary hearing," although "there may be some instances in which discovery would be appropriate beforehand").  Only then can this Court determine whether discovery and the costs

associated with it are truly necessary to disposition of the petition. Indeed, the Supreme Court has "made clear that whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (per curiam); *see also Bell v. Cone*, 535 U.S. 685, 697 n.4 (2002) (declining to consider evidence not presented to the state court). Whether the state court's decision satisfies 28 U.S.C. § 2254(d) on the record that was before that court should be determined on the parties' merits briefs, before any question of discovery is addressed.[1]

Last, timing of the request aside, Grizzle fails to show good cause for discovery. Grizzle does not allege that he made any attempt, successful or not, to procure the requested materials in state court, or made any attempt to develop the record generally, e.g., by interviewing or seeking declarations from the witnesses he now seeks to depose.[2] *Cf.* 28 U.S.C. § 2254(e)(2) (evidentiary hearing not available where applicant failed to develop the basis of claim in state court). On its face, Grizzle's motion appears no more than the prohibited proverbial fishing expedition "to investigate mere speculation." *Calderon v. District Court (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996). The discovery motion should be denied.

**CONCLUSION**

Accordingly, for the reasons stated, respondent respectfully requests that the motion for discovery be denied.

---

1. Grizzle cannot rejoin that te requested discovery is necessary for the presentation of his claims: He has already filed his petition, and cannot present new evidence for the first time in his traverse.

2. A demonstrated effort to procure the requested materials in state court is relevant not only to good cause for discovery, but also the question of exhaustion. *See Vasquez v. Hillery*, 474 U.S. 254, 257-58 (1986); *Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008).

1  Dated: July 3, 2008

2  Respectfully submitted,

3  EDMUND G. BROWN JR.
Attorney General of the State of California

4  DANE R. GILLETTE
Chief Assistant Attorney General

5  GERALD A. ENGLER
Senior Assistant Attorney General

6

7  PEGGY S. RUFFRA
Supervising Deputy Attorney General

8

9  /s/ Gregory A. Ott
GREGORY A. OTT
Deputy Attorney General

10

11  Attorneys for Respondent

Opposition To Motion For Discovery—*Grizzle v. Horel*, No. C 07-4845 SI (PR)

4