IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELIOT SCOTT GRIZZLE,

    Petitioner,

  v.

ROBERT HOREL,

    Respondent.
             /

No. C 07-4845 SI

**ORDER DENYING PETITIONER'S REQUEST FOR DISCOVERY**

On March 6, 2009, petitioner filed a motion for discovery pursuant to Rule 6(a) of the Federal Rules Governing § 2254 Cases. This motion is scheduled for a hearing on April 24, 2009. Pursuant to Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES petitioner's motion for discovery.

## LEGAL STANDARD

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and limit the extent of discovery." Before deciding whether a petitioner is entitled to discovery under Rule 6(a), the Court must first identify the essential elements of the underlying claim. *See Bracy*, 520 U.S. at 904. The Court must then determine whether the petitioner has shown "good cause" for appropriate discovery to prove his claim. *See id.*

Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Id.* at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)); *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005).[1] The scope and extent of the discovery permitted under Rule 6(a) is a matter confided to the discretion of the district court. *See Bracy*, 520 U.S. at 909. However, a petitioner cannot avail himself to Rule 6 discovery until he has filed a federal habeas petition on an exhausted claim. *See Calderon v. United States Dist. Court (Hill)*, 110 F.3d 714, 715 (9th Cir. 1997); *Calderon v. United States Dist. Court (Roberts)*, 113 F.3d 149, 149 (9th Cir. 1997); *see also Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1106-07 (9th Cir. 1996).

"Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000). If a federal habeas petitioner has failed to develop the factual basis of a claim in state court proceedings, an evidentiary hearing on the claim cannot be granted unless petitioner's case meets the statutory conditions for excusing the deficiency set forth in 28 U.S.C. § 2254(e)(2).[2] *Id.* at 430; *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999); 28 U.S.C.A. § 2254(e)(2). A prisoner "fails" to develop the factual basis of a claim if "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams*, 529 U.S. at 432. "The question is not whether the facts could have been discovered, but instead, whether the prisoner was diligent in his efforts." *Id.* at 435. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437. The failure to investigate or develop a claim by a prisoner who has knowledge of the information upon which the claim is based, is

---

[1] The Ninth Circuit has also described this standard as being that discovery must be allowed when it is "essential" for the petitioner to "develop fully" his or her underlying claim. *Pham*, 400 F. 3d at 743 (quoting *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997)).

[2] Pursuant to 28 U.S.C. § 2254(e)(2), a district court may not hold an evidentiary hearing on a claim for which petitioner failed to develop a factual basis in state court unless petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

not the exercise of diligence. *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005).

**DISCUSSION**

Petitioner seeks discovery of materials to support his claim that the prosecutor engaged in misconduct by allegedly presenting perjured testimony.[3] Petitioner asserts that he has satisfied any diligence requirements to trigger discovery and an evidentiary hearing because the habeas petitions he filed in the state superior court and court of appeals requested that the courts "[o]rder that discovery be produced as shall be requested" and allow him "to proceed without prepayment of costs and fees, grant him authority to obtain subpoenas without fees for witnesses and documents necessary to prove the facts alleged in [his] petition, and grant him sufficient funds to secure investigation and expert services and testimony necessary to prove the facts alleged in this amended petition." Supplemental discovery brief at 2:2-9. Petitioner's habeas petitions also requested that the courts "[c]onduct a hearing at which proof may be offered concerning the allegations in this amended petitioner or any affirmative defenses presented by respondents. . . ." *Id*. Petitioner did not make any specific discovery requests during the state habeas proceedings. Petitioner also asserts that both before and after his trial, his trial attorney requested many of the materials that petitioner now seeks. Petitioner states that it is unclear whether most[4] of these materials were ever produced, but in any event, petitioner's counsel does not have them.

Respondent contends petitioner has not demonstrated diligence because at no time during any of his three state habeas petitions did petitioner request any of the materials he currently seeks. Respondent argues that petitioner's general request for an "order that discovery be produced as requested" is insufficient to develop the factual record in state court. Respondent notes that in denying

---

[3] Petitioner seeks (1) all prison housing records reflecting the dates and specific housing location of trial witnesses Brian Healy and Frederick Clark throughout any and all terms of incarceration those persons served in the California state system until December 31, 1999; (2) copies of letters Clark testified he sent to the Del Norte County District Attorney's Office; (3) all documents and taped interviews relating to (a) interviews or testimony of Clark and Healy in relation to the prosecution of petitioner and the related trial of Gary Littrell, and (b) the prosecution's investigation (if any) of any suspected perjury by Clark and Healy; (4) any other tape-recorded interviews of Clark by investigator James Rogers; and (5) a deposition of James Rogers.

[4] The videotaped interview of Clark was produced to petitioner's trial counsel because petitioner's ineffective assistance of counsel claim is premised in part on trial counsel's failure to review that taped interview.

3

1 petitioner's habeas petition, the Del Norte Superior Court stated, *inter alia*, that petitioner "ha[d] not
2 made a showing of what evidence could be expected to be adduced at an evidentiary hearing." *Id*. at
3 3:5-6 (internal quotations and citation omitted). The government also argues that petitioner's motion
4 is deficient because petitioner has not made any showing – such as a declaration from trial counsel – that
5 trial counsel requested materials and that they were not provided.

6       The Court concludes that petitioner failed to develop the factual basis of the prosecutorial
7 misconduct claim in state court. Petitioner's requests for discovery "as requested" set forth in the
8 petitions to the Del Norte Superior Court and Court of Appeals did not make specific requests and did
9 not specify to what ends such requests would achieve. Petitioner has not shown that he has made
10 reasonable attempts, in light of the information available at the time, to investigate and pursue these
11 claims in state court. Therefore, petitioner has failed to develop the factual basis for his claim diligently.

12       In accordance with § 2254(e)(2), petitioner's lack of diligence in state court prohibits this Court
13 from granting further evidentiary development of his claims for prosecutorial misconduct in presenting
14 perjured testimony. Petitioner has not attempted to meet the statute's exceptions. Because petitioner
15 is not entitled to develop these claims through expansion of the record or an evidentiary hearing, he has
16 not established good cause for discovery. *See Boyko v. Parke*, 259 F.3d 781, 792 (7th Cir. 2001)
17 (discovery should not be allowed to augment the merits of a claim unless petitioner was diligent under
18 28 U.S.C. § 2254(e)(2)); *Murphy v. Bradshaw*, No. C-1-03-053, 2003 WL 23777736, at *2 (S.D.Ohio
19 Sept. 13, 2003) ("there cannot be good cause to discover facts which could not be presented because a
20 petition is barred from an evidentiary hearing on those facts under 28 U.S.C. § 2254(e)(2)"). Therefore,
21 the Court DENIES petitioner's motion for discovery.

26 ///

4

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES petitioner's request for discovery. Docket No. 39.

**IT IS SO ORDERED.**

Dated: April 22, 2009

SUSAN ILLSTON
United States District Judge